JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Crystal Hicks
345 E. Moore Street
Norristown, PA 19401

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Offices of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia, PA 19102
Tel: 267-546-0131

**DEFENDANTS**
Resources for Human Development, Inc.
4700 Wissahickon Avenue
Philadelphia, PA 19144

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 690 Other | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) |
| | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | ☐ 895 Freedom of Information Act |
| | | ☐ 550 Civil Rights | | ☐ 896 Arbitration |
| | | ☐ 555 Prison Condition | **IMMIGRATION** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A § 2000e-2(a)
Brief description of cause:
Employment Discrimination

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $  150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  5/23/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Crystal Hicks                                              :          CIVIL ACTION
                              v.                            :
Resources for Human Development, inc:                       :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                      (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (✗)


5/24/17                    Graham F Baird              Crystal Hicks
**Date**                   **Attorney-at-law**          **Attorney for**

267-546-0131               215-923-5951                grahamb@erlcshore.com
**Telephone**              **FAX Number**               **E-Mail Address**


(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 345 E. Moore Street, Norristown PA 19401

Address of Defendant: 4700 Wissahickon Avenue, Philadelphia PA 19144

Place of Accident, Incident or Transaction: 316 DeKalb Street, Norristown PA 19401

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Graham F. Baird _____, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/23/17 _____    _____    92692
                              Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/23/17 _____    _____    92692
                              Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Crystal Hicks | : | |
| 345 E. Moore Street | : | |
| Norristown, PA 19401 | : | |
| | : | JURY DEMANDED |
|       Plaintiff, | : | |
| | : | |
|       v. | : | |
| | : | No. |
| Resources for Human Development, Inc. | : | |
| 4700 Wissahickon Avenue | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| And | : | |
| | : | |
| Montgomery County Recovery Center | : | |
| 316 DeKalb Street, | : | |
| Norristown, PA 19401 | : | |
| | : | |
| | : | |
|       Defendants | : | |

**CIVIL ACTION COMPLAINT**

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, Crystal Hicks (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, Resources for Human Development, Inc. ("RHD") is not for profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

3.      Defendant, Montgomery County Recovery Center is a not-for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is wholly owned, managed and operated by Defendant, RHD. Both Defendants are hereinafter collectively referred to as ("Defendants").

4.     At all times material hereto, Defendants, RHD and Montgomery County Recovery Center are acting together, in concert, by and on each other's behalf and qualify as Plaintiff's employer pursuant to the Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act ("PHRA").

5.     Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

6.     This action is instituted pursuant to the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act and applicable federal law.

7.     Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.     Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendants in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

10.    Ms. Hicks, an African-American was employed by Respondent for eleven years as a Licensed Practical Nurse.

11.    Over the course of her employment, Ms. Hicks  made several complaints about a racially hostile working environment over the years which went unresolved.

12. Specifically, in 2010, Ms. Hicks reported to the Director that her supervisor, Florence Rosencrantz was acting in a racially discriminatory way towards Ms. Hicks.

13. Ms. Rosencrantz made comments about black people eating watermelon, her disdain for "black music" as well as other racially hostile and stereotypical comments to Ms. Hicks.

14. Further, in 2010, Ms. Hicks adorned her desk with a photograph of President Obama that Ms. Rosencrantz would set face down when Ms. Hicks was not present.

15. Finally, after approximately one (1) month of her finding her President Obama photograph face down at her desk, Ms. Hicks confronted Ms. Rosencrantz about this issue and asked her if she had a problem with black people.

16. Upon being confronted, Ms. Rosencrantz admitted a strong racial animus and dislike towards black people.

17. As a result of this statement by Ms. Rozencrantz and because Ms. Rosencranz was her supervisor, Ms. Hicks filed a complaint with human resources.

18. Respondent took no action to remedy the racially hostile work environment and simply explained to Ms. Hicks that Ms. Rosencrantz had promised not to outwardly display her racial animus until the time of her retirement.

19. Subsequent to that series of events, during Defendants' 2015 Halloween party, a counselor wore a racially insensitive costume after repeatedly asking Ms. Hicks if she was planning on attending the Halloween party in the months leading up to it.

20. The counselor, Defendants' employee, DeVita Butler, donned an authentic confederate soldier's costume, wrapped her dog in a confederate flag with a sign that said,

"Yankees go home" and entered the Halloween party to the shock of Ms. Hicks and other African American employees.

21.    Ms. Butler did this after verifying that Ms. Hicks was going to be present at the Halloween party three (3) times in advance of Halloween.

22.    Ms. Hicks (and other African-American employees) was targeted for racial intimidation in the workplace and again, no action was taken by the company to alleviate the hostile work environment.

23.    After the 2010 incident and the company's failure to decisively act on this situation, Ms. Hicks began to notice a drastic increase in her hours and expectations for her to be on-call.

24.    Further, after Ms. Rosencrantz retired, no one was hired to take her place and her duties were transferred to and assumed by Ms. Hicks who began working excessive hours without overtime, in violation of Department of Labor regulations.

25.    These excessive and burdensome hours as well as the emotional distress of being subjected to a racially hostile work environment gave rise to significant medical issues, including a stress induced stroke for which Ms. Hicks was hospitalized.

26.    Ms. Hicks complained about the wage and hour violations and the prior racial issues during a meeting of February 8, 2016.

27.    Respondent admitted that Ms. Hicks should have been compensated for the hours she was working.

28.    Despite this statement, Ms. Hicks's employment was terminated on February 16, 2016, in retaliation for raising these wage and hour issues as well as the aforementioned race discrimination issues.

29.     At the time of her termination, Plaintiff was one (1) of only two (2) African American nurses employed at Montgomery County Recovery Center at that time.

30.     Ms. Hicks had been a six (6) year employee with an excellent work record and no history of other discipline, as of February 2016.

31.     At all times material, Defendants were hostile to Plaintiff's race, her racial discrimination complaints and her wage and hour complaints, and terminated her as a result of that animus.

32.      As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

## III.  Causes of Action.

### COUNT I – EMPLOYMENT DISCRIMINATION
### (42 U.S.C.A. § 2000e-2(a))
### (Plaintiff v. Defendants)

33.     Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34.     Defendants took adverse action against Plaintiff by terminating her employment.

35.     Plaintiff's status as an African-American woman places her in a protected class.

36.     Plaintiff's membership in a protected class was a motivating factor in Defendants' decision to terminate her employment.

37.     Plaintiff suffered disparate treatment by Defendants, as set forth above.

38.     As such, Defendants' decision to terminate Plaintiff's employment is an unlawful employment practice, under 42. U.S.C. § 2000e-2(a).

39.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

40.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

41.     Pursuant to the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), et seq Plaintiff demands attorneys fees and court costs.

**COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 P.S. § 955)**

42.     Plaintiff incorporates paragraphs 1-43 as if fully set forth at length herein.

43.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not racially discriminate or retaliate against an employee.

44.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

45.     Defendants are Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

46.     Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her race and skin color and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

47.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost

opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

48.    As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

49.    Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**COUNT III – TITLE VII CLAIM--RETALIATION**
**(42 U.S.C.A. § 2000e-3(a))**
**(Plaintiffs v. Defendants)**

50.    Plaintiff incorporates paragraphs 1-49 as if fully set forth at length herein.

51.    At set forth above, Plaintiff made several complaints about racial discrimination in the workplace and as such, Plaintiff was engaged in protected activity under Title VII of the Civil Rights Act.

52.    Defendant took adverse action against Plaintiff by terminating her employment.

53.    As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate her employment.

54.    As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Civil Rights Act of 1964, § 704(a).

55.    As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

56. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

57. Pursuant to the Civil Rights Act of 1964, § 704(a), 42 U.S.C. §2000e-3(a), et seq., Plaintiff demands attorneys fees and court costs.

**COUNT IV – FLSA--RETALIATION**
**(29 U.S.C.A. § 215(a)3)**
**(Plaintiffs v. Defendants)**

58. Plaintiff incorporates paragraphs 1-57 as if fully set forth at length herein.

59. At set forth above, Plaintiff made a complaint about her wages, excessive hours and overtime, and as such, Plaintiff was engaged in protected activity under the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

60. Defendants took adverse action against Plaintiff by terminating her employment.

61. As set forth above, Plaintiff's participation in protected activity was a motivating factor in Defendants' decision to terminate her employment.

62. As such, Defendants' decision to terminate Plaintiff's employment is a retaliatory action prohibited by the Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3) Fair Labor Standards Act, 29 U.S.C.A. § 215(a)(3).

63. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff

also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

64. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

65. Pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 210 et seq., Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Crystal Hicks demands judgment in her favor and against Defendants, Montgomery County Methadone Clinic and Resources for Human Development jointly and severally, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY:_____
**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Crystal Hicks

Date: 5/23/17

# EXH. A

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:    **Crystal Hicks**
       **2827 Narcissus Road**
       **Philadelphia, PA 19154**

From:    **Atlanta District Office**
         **100 Alabama Street, S.W.**
         **Suite 4R30**
         **Atlanta, GA 30303**

| | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-02406 | **Lucy Hamer,** **Investigator** | **(404) 562-6580** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

APR 0 3 2017

*(Date Mailed)*

Enclosures(s)

cc:    **Diane Falcone**
       **Corporate Counsel**
       **RESOURCES FOR HUMAN DEVELOPMENT**
       **4700 Wissahickon Avenue, Suite 126**
       **Philadelphia, PA 19144**

**Graham F. Baird**
**LAW OFFICES OF ERIC A. SHORE**
**P.O. Box 58519**
**1500 John F. Kennedy Blvd.**
**Philadelphia, PA 19102**

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*